IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-1181-SMY |
| | ) |
| WARDEN FCI GREENVILLE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Anthony R. Martin filed this habeas corpus action under 28 U.S.C. § 2241 to challenge the application of several predicate burglary and robbery offenses that resulted in a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). For the following reasons, the Petition is **DISMISSED** and the pending Motion to Lift Stay and Dismiss Petition (Doc. 12) is **TERMINATED as MOOT**.

**Factual and Procedural Background**

In 2011, Martin pleaded guilty to interference with interstate commerce by robbery, a violation of 18 U.S.C. § 1951 (Count I); possession of a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count II); and felon in possession of a firearm and ammunition, a violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count III). *United States of America v. Martin*, 10-cr-108-JEG (Doc. 33) (S.D. Iowa Jun. 21, 2011). Under his plea agreement, Martin admitted that he had robbed the Dollar Tree store in Iowa City, Iowa, and that he had prior felony offenses, including convictions for Armed Robbery in Illinois in 1986, Attempted Aggravated Robbery in Minnesota in 1994, and Aggravated Robbery and First-Degree Burglary in Minnesota in 2004. (*Id.* at pp. 3-5).

In light of Martin's criminal history, an enhanced Guidelines range under the ACCA of 262-327 months was applied on Counts I and III. On September 20, 2011, Martin was sentenced to 324 months of imprisonment; 240 months Counts I and III running concurrently, and a consecutive sentence of 84 months on Count II. *United States of America v. Martin*, 10-cr-108-JEG (Doc. 47) (S.D. Iowa Sep. 20, 2011).

Martin now seeks collateral relief under the "savings clause" of § 2241. He claims that his previous robbery convictions no longer qualify as predicate offenses due to "recent changes in law interpreting the Armed Career Criminal Act" and requests that he be resentenced with a new Guidelines calculation (Doc. 1, p. 12).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Until recently, the law of this Circuit permitted petitioners to employ 28 U.S.C. § 2241 to challenge their conviction and sentence via a "savings clause" in 28 U.S.C. § 2255(e). *In re Davenport,* 147 F.3d 605, 610-11 (7th Cir. 1998). However, the Supreme Court recently closed the door on that possibility, holding that "the saving clause does not authorize such an end-run [on § 2255]" and that § 2241 may only be employed "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." See, *Jones v. Hendrix*, 599 U.S. ____ (2023), No. 21-857, slip op. at pp. 9-11 (Sup. Ct. June 22, 2023). Because Martin presents no circumstances that made it impossible or impracticable for him to seek relief in the sentencing court nor a challenge other than a collateral attack on his sentencing, his Petition will be dismissed.

**Disposition**

Petitioner Anthony R. Martin's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within the appropriate time period for his case, as provided in Federal Rule of Appellate Procedure 4(a). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner chooses to appeal and is allowed to proceed IFP, he may be required to pre-pay a portion of the $505.00 appellate filing fee, commensurate with his ability to pay. *Walker v. O'Brien,* 216 F.3d 626, 638 n.5 (7th Cir. 2000); FED. R. APP. P. 3(e).

**IT IS SO ORDERED.**

**DATED: July 14, 2023**

**STACI M. YANDLE**
**United States District Judge**