IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-1181-SMY |
| | ) |
| WARDEN FCI GREENVILLE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 14, 2023, the Court entered an order dismissing Petitioner's § 2241 habeas petition challenging his sentencing enhancement under the Armed Career Criminal Act (Doc. 14). Plaintiff now moves for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59 (Doc. 16).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Here, Petitioner Martin argues that the Court committed manifest error by dismissing his Petition pursuant to *Jones v. Hendrix*, 599 U.S. ____ (2023), No. 21-857 (Sup. Ct. June 22, 2023) because he filed his Petition before that decision was issued. But when the Supreme Court decides a case and applies a rule of federal law to the parties before it, all other federal courts adjudicating

federal law must treat that legal rule as "retroactive" and the "controlling interpretation of federal law" and apply it to all pending cases, regardless of whether those cases involve pre-decision events. See, *Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 97 (1993). As such, the Seventh Circuit Court of Appeals has summarily dismissed pending § 2241 challenges to ACCA-enhanced sentences. See, e.g., *Sanders v. M. Joseph*, No. 19-2504, 2023 WL 4397743, at *3 (7th Cir. July 7, 2023).[1]

Accordingly, the Motion for Reconsideration (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 14, 2023**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Martin also argues that it would be a "miscarriage of justice" to apply *Jones v. Hendrix*, 599 U.S. ____ (2023), No. 21-857 (Sup. Ct. June 22, 2023) to his Petition (Doc. 16, p. 2). For the reasons stated above, this argument is unavailing.